Evalyn Kingman, Appellee, v. Louis S. Kingman, Appellant.

Gen. No. 5,191.

1. Divorce—*what sufficient to sustain allowance of alimony pendente lite.* The merits of the case should not be tried upon the hearing of the preliminary motion for temporary alimony and expense money; all that is required is that it shall appear that the wife has shown by her pleadings a meritorious cause of action and that the suit is prosecuted in good faith.

2. Divorce—*how allowance of alimony pendente lite determined.* There is no fixed rule for the allowance of temporary alimony but it is a matter resting in the exercise of the sound discretion of the court on the facts as presented; it is just that a wife who is prosecuting her suit in good faith should be able to live comfortably and be placed upon an equality with her husband to carry on the litigation; she should be maintained in a condition suitable to the station in life occupied by the parties.

Separate maintenance. Appeal from the Circuit Court of Peoria county; the Hon. T. N. Green, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

Winslow Evans, for appellant.

Covey & Covey, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

This is an appeal from an order allowing temporary alimony and suit money to appellee in a suit pending for separate maintenance by her against her husband. The original bill was filed September 23, 1908,

and was verified. Since the making of the order appealed from in this case, the original suit was disposed of by a decree in favor of the appellee and was appealed from and is now in this court as case No. 5189. *Ante,* p. 456. The original bill, after alleging that appellee was living separate and apart from her husband without her fault because of the conduct of her husband, alleges that the appellee has no property or income of her own, and that the appellant is possessed of real and personal estate to the amount of $400,000 and that his annual income is about $20,000. The appellant answered the bill denying all the material allegations and stated that he has property to the amount of $36,000 and receives $1,000 per annum as trustee of the Martin Kingman estate and $1,000 per year as salary from the Kingman corporations and that he is a devisee and legatee under the last will and testament of Martin Kingman, but the bulk of that estate is held subject to certain trusts and will not be received by him until the expiration of ten years from November, 1904. After the filing of the answer the appellee filed a petition asking for temporary alimony and suit money.

The petition alleged that by the adjudication of the County Court of Peoria county the part of the Kingman estate held in trust for the appellant amounts to $318,759 and that the estate of appellant has been greatly increased since the death of Martin Kingman. The petition also stated that appellee is indebted in the sum of $150 and that it would be necessary to spend $300 in the purchase of clothing; that she has no home; that she is boarding at the National Hotel in Peoria and that her board and room costs $21 per week; that the case will be bitterly contested and that it will be necessary for her to bring witnesses from Boston and New York or to take their depositions, and that appellee should be allowed at least $200 to cover her reasonable expenses in the prosecution of her suit; that she has been unable to pay her solicitors anything for services rendered and to be rendered, and prays

that she be allowed a reasonable sum for her support during the pendency of her suit, and that a reasonable sum be allowed her to carry on her suit and pay her solicitor's fees, etc.

The appellant answered the petition setting forth his property substantially as is set forth in the original answer. On the hearing of the motion for temporary alimony, the will of Martin Kingman was offered in evidence and an affidavit filed showing that board and room could be obtained at about $10 per week at certain hotels in Peoria. The court, on the 16th of November, 1908, on the hearing on the petition, entered a decree allowing the appellee the sum of $35 per week alimony *pendente lite* from the 17th of November, 1908, until the further order of the court and $140 on account of her solicitor's fees. From this order the defendant appeals, and assigns for error that the court erred in decreeing the $140 for her solicitor's fees on the ground that there is no evidence to support that part of the decree and that the allowance of $35 per week is excessive.

Since the perfecting of the appeal the appellee filed in this court a confession of the assignment of error concerning solicitor's fees, and later on the same day appellant filed in this court a waiver of that assignment of error. Neither party has sought any action of this court upon the writing filed by the other party concerning that assignment. We conclude that appellant does not desire the case reversed on that assignment, and that appellee releases the decree as to that sum. Under the foregoing circumstances the propriety of that part of the decree is not before us for review.

It appears from an examination of the pleadings of appellee, if they be true, that she has a meritorious cause of action and that she is prosecuting her suit in good faith. The merits of the case should not, however, be tried upon the hearing of the preliminary motion for temporary alimony and expense money; all that is required is that it shall appear that the wife

has shown by her pleadings a meritorious cause of action and that the suit is prosecuted in good faith. While the matters in controversy are being litigated, the wife is entitled to support until it is shown by the result of the trial that she is not. This rule arises out of the duty of the husband to support his wife. It appears from the pleadings that the appellee has neither any estate nor any income, and it also appears from the statement of appellant that he is in receipt of salaries amounting to $2,000 per year and has real estate, loans and stocks in his own name amounting to $36,000, and that an estate of nearly $400,000 is held in trust for him, and while he is not yet receiving the income from that estate he is the owner of it. There is no fixed rule for the allowance of temporary alimony, but it is a matter resting in the exercise of the sound judicial discretion of the court on the facts as presented. The rule laid down by Bishop in his work on Marriage and Divorce is, that the wife should be allowed about one-fifth of the joint income, and it is just that a wife who is prosecuting her suit in good faith should be able to live comfortably and be placed upon an equality with her husband to carry on the litigation. She should be maintained in a condition suitable to the station in life occupied by the parties. While $35 per week is more than one-fifth of the actual income of appellant, yet upon the showing made by appellee, it is not one-tenth of what would be the natural increase of the estate of which appellant is the owner. While the amount allowed is large, considering his actual receipts, we do not think it is so large as to require this court to interfere with the discretion of the trial court. The decree is therefore affirmed, except as to the solicitor's fees, which have been released.

*Affirmed.*